934 F.2d 326
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Edward J. ROMERO, Plaintiff-Appellant,
v.
Albert AGUAYO, Donald Moser, James Scamman, and School
District No. 1, City and County of Denver,
Defendants-Appellees.
 No. 90-1185.
 United States Court of Appeals, Tenth Circuit.
 May 31, 1991.
 
 Before TACHA and EBEL, Circuit Judges, and VAN BEBBER, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Plaintiff-appellant Edward Romero seeks recovery against defendants-appellees Albert Aguayo, Donald Moser, James Scamman, and School District No. 1 pursuant to 42 U.S.C. Secs. 1983 and 1985. The district court granted summary judgment in favor of the defendants on all claims. We affirm.
 
 
 2
 Romero was a teacher at Henry Junior High School during the 1978-79 school year when there were racial difficulties, including a walkout by a number of Hispanic students. He was known to support the efforts of the Hispanic students at the school. Romero filed an action against the school district in state court, claiming he was transferred in retaliation for his advocacy of students' interests.
 
 
 3
 Romero taught industrial arts and served as the head wrestling coach at Manual High School. During the 1982-83 wrestling season, he was removed as coach because of a protest staged by his team at a wrestling meet. Romero amended his complaint in the ongoing state action, claiming this removal was also retaliatory.
 
 
 4
 Glenn Scheele, the wrestling coach at West High School, testified on plaintiff's behalf in state court. Less than a month later, defendant Aguayo, who was then principal at West High School, fired Scheele as the wrestling coach. Scheele successfully brought an action pursuant to 42 U.S.C. Sec. 1983 based on this termination against several defendants, including Aguayo. Romero was subpoenaed to serve as a witness at this trial, but did not testify. Aguayo, who was then assistant superintendent in charge of secondary education for the school district, saw Romero at the trial and questioned him concerning his attendance.
 
 
 5
 On the same day the jury returned its verdict in favor of Scheele, four Manual High School parents met the principal, defendant Donald Moser, to discuss their concerns regarding Romero's conduct. About two months later, Aguayo was contacted by one of these parents and agreed to meet with a group of parents. Moser was not informed of this meeting.
 
 
 6
 Four days after this meeting, Aguayo met with a security officer for the district and instructed him to investigate the parents' allegations against Romero. The next day, Aguayo sent a memorandum to James Scamman, the district's superintendent, relating the events of his meeting with the parents. A week after Aguayo's meeting with the parents, Moser signed a memorandum prepared by Aguayo recommending Romero's discharge. Aguayo suspended Romero the next day and recommended his discharge to Scamman. Two weeks later, Scamman filed charges against Romero with the board of education, recommending he be dismissed for "insubordination, and/or neglect of duty and/or immorality and/or other good and just cause."
 
 
 7
 Pursuant to the procedures required by the Colorado Teacher Employment Dismissal and Tenure Act, Colo.Rev.Stat. Sec. 22-63-101 et seq., a hearing was held before an officer in the Division of Hearing Officers of the Colorado Department of Administration. In his report, the officer noted Manual's administrators were aware of "some fairly serious misconduct" by Romero prior to the beginning of Aguayo's investigation in January 1986, but did not consider these actions grounds for discipline. The officer concluded, however, that Romero's conduct, including physical abuse, blackmail, and humiliation of students, justified his termination. On June 19, 1986, the board of education dismissed Romero.
 
 
 8
 Romero then filed this civil rights action against Aguayo, Moser, Scamman, and the school district. In count one, he alleged the defendants terminated him in retaliation for his exercise of his first amendment rights in violation of 42 U.S.C. Sec. 1983. In count two, Romero asserted the defendants engaged in a conspiracy to effect his dismissal in violation of 42 U.S.C. Sec. 1985(2). The district court dismissed the school board from the section 1985 claim. The defendants then moved for summary judgment on all claims. The district court granted this motion.
 
 
 9
 We review a summary judgment under the same standard the district court applies pursuant to Rule 56. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). In determining whether there is a genuine issue of material fact, the court views all facts and inferences in the light most favorable to the nonmoving party. Burnette v. Dow Chemical Co., 849 F.2d 1269, 1273 (10th Cir.1988). A nonmoving party cannot survive a motion for summary judgment based on bare allegations in the pleadings without supporting evidence. After adequate time for discovery, summary judgment is mandatory against a party failing to show the existence of an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 10
 To establish liability under section 1983, the plaintiff must demonstrate his exercise of protected rights was a "motivating factor" in the decision to terminate him. See Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). If the plaintiff makes this showing, the defendants will still prevail if they show by a preponderance of the evidence that the same decision would have been made regardless of the plaintiff's exercise of protected rights. Id.
 
 
 11
 In the present case, the district court concluded Romero failed to establish his exercise of protected rights was a motivating factor in the decision to terminate him. The district court relied heavily on the parties' stipulations in reaching its decision. In particular, it noted Romero agreed the board's decision was solely a result of the report of the hearing officer. The court concluded this broke the chain of causation between any improper actions on the part of any defendant and Romero's termination.
 
 
 12
 Prior to the court's entry of summary judgment, Romero attempted to be relieved from this stipulation. The court permitted him to conduct additional discovery on this matter. Romero discovered a newspaper article reporting that a board member had said the board could consider matters beyond the administrative record in tenure dismissal proceedings. He argued the involvement of Daniel Bernard as special counsel for the board in relation to his termination stripped that proceeding of basic fairness. Romero noted Bernard was contacted by Michael Jackson, the individual who prosecuted the termination before the school board. Romero alleged Jackson somehow improperly influenced Bernard, who in turn improperly influenced the board. The district court concluded there was insufficient evidence on this point to allow Romero to escape from his prior agreement to the stipulation.
 
 
 13
 Based on our review of the record, we conclude the district court properly found Romero presented no evidence indicating his exercise of protected rights played a motivating part in the board of education's decision to terminate him. Romero was discharged according to the statutory procedure based on the officer's recommendations. Romero admits there is evidentiary support for the officer's factual findings concerning Romero's misconduct. The district court properly concluded these findings "break the chain of causation between any retaliatory motivation by the individual defendants in their investigative and prosecutive roles and the discharge decision."
 
 
 14
 Romero was unable to demonstrate the board of education's decision to terminate him was influenced by anyone or anything except the officer's report. He presented no material evidence supporting his allegations concerning improprieties in the board's handling of this case. Romero was terminated because of his repeated misconduct while employed by the school district. The defendants' retaliatory motivations, if they did exist, were not a motivating factor in this decision. Romero also failed to present any evidence supporting his conspiracy claim under section 1985(2). We AFFIRM.
 
 
 
 *
 The Honorable G. Thomas Van Bebber, District Judge for the United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3